**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION**

| | |
|---|---|
| JOHN NORMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 1:12-cv-1806 |
| vs. ) | |
| ) | |
| RETRIEVAL MASTERS CREDITORS ) | |
| BUREAU, INC., ) | **JURY DEMAND ENDORSED HEREON** |
| ) | |
| Defendant. ) | |

## **COMPLAINT**

NOW COMES the Plaintiff, JOHN NORMAN, by and through his attorney, MITCHEL E. LUXENBURG, and for his Complaint against the Defendant, RETRIEVAL MASTERS CREDITORS BUREAU, INC., Plaintiff alleges and states as follows:

## **PRELIMINARY STATEMENT**

1. This is an action for damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*.

## **JURISDICTION AND VENUE**

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

## **PARTIES**

3. Plaintiff is an individual who was at all relevant times residing in Aberdeen, Maryland.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as he is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

6. The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

7. On information and belief, Defendant is a corporation of the State of New York, which is licensed to do business in Maryland and which has its principal place of business in Elmsford, New York.

## ALLEGATIONS

8. Defendant, through its agents, representatives and/or employees, began contacting Plaintiff during or about November of 2011 in attempts to collect the aforementioned alleged debt.

9. Plaintiff paid the alleged debt in full on or about November 12, 2011.

10. Defendant's agents, representatives and/or employees began contacting Plaintiff by telephone multiple times per week in further attempts to collect the already-paid alleged debt, and continued to do so even after Plaintiff provided proof that the alleged debt had already been paid in full.

11.     Defendant's agents, representatives and/or employees threatened to report the alleged debt as unpaid to the credit bureaus, despite the fact that the alleged debt had already been paid in full.

12.     In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

    a.  Causing a telephone to ring or engaging Plaintiff in conversation repeatedly and continuously with the intent to annoy, abuse or harass, in violation of 15 U.S.C. § 1692d(5);

    b.  Falsely representing the character, amount and/or legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A);

    c.  Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

    d.  Using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt or to obtain information about Plaintiff, in violation of 15 U.S.C. § 1692e(10); and

    e.  By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

13.     As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, JOHN NORMAN, respectfully prays for a judgment against Defendant as follows:

a. Statutory damages of $1,000.00 for each violation of the FDCPA;

b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

c. Any other relief deemed appropriate by this Honorable Court.

**JURY DEMAND**

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

Respectfully Submitted,

/s/ Mitchel E. Luxenburg
Mitchel E. Luxenburg (29092)
Luxenburg & Levin, LLC
Attorney for Plaintiff
23875 Commerce Park
Suite 105
Beachwood, OH 44122
(888) 493-0770, ext. 301 (phone)
(866) 551-7791 (facsimile)
Mitch@LuxenburgLevin.com